Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000254
19-MAY-2015
08:04 AM

NO. CAAP-15-0000254


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE BANK OF NEW YORK MELLON formerly known as The Bank of New York Successor Trustee to JP Morgan Chase Bank, NATIONAL ASSOCIATION as Trustee for the Certificateholders of Structured Asset Mortgage Investment II Inc. Bear Stearns Alt-A Trust, Mortgage Pass Through Certificate Series 2006-2, Plaintiff-Appellee,
v.
MARCELO MAGNO LOPEZ, JR., Defendant-Appellant,
and
MORTGAGE ELECTRONICS REGISTRATION SYSTEMS INC., solely as Nominee for Preferred Financial Group, Inc. dba Preferred Mortgage Services, Defendant-Appellee,
and
DOES 1 through 20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0414)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Defendant-Appellant Marcelo Magno Lopez, Jr. (Appellant Lopez), has asserted from the Honorable Bert I. Ayabe's (1) January 5, 2015 judgment on a decree of foreclosure and (2) February 23, 2015 post-judgment order denying Appellant Lopez's amended motion for reconsideration pursuant to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP), because Appellant Lopez's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

Although Appellant Lopez's March 27, 2015 notice of appeal designates the February 23, 2015 post-judgment order as the appealed order, the appealable judgment in this matter is actually the January 5, 2015 judgment on the decree of foreclosure, and a timely appeal from the January 5, 2015 judgment on the decree of foreclosure would automatically entitle an appellant to appellate review of the February 23, 2015 post-judgment order, because a "notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order." HRAP Rule 4(a)(3). Nevertheless, as explained below, Appellant Lopez's March 27, 2015 notice of appeal is untimely, and, thus, the Hawai'i Intermediate Court of Appeals lacks appellate jurisdiction.

Pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2014), the January 5, 2015 judgment on the decree of foreclosure is an appealable final judgment. "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). Nevertheless, pursuant to HRAP Rule 4(a)(3), Appellant Lopez extended the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by timely filing Appellant Lopez's November 17, 2014 amended HRCP Rule 60(b) motion to reconsider the January 5, 2015 judgment on the decree of foreclosure before the ten-day time limit (i.e., the ten-day time limit under HRCP Rule 59 post-judgment motion for reconsideration of the January 5, 2015 judgment on the decree of foreclosure) expired on January 15, 2015.[1] The fact that Appellant Lopez filed his November 17, 2014 amended HRCP Rule 60(b) motion for reconsideration prematurely, i.e., prior to entry of the January 5, 2015 judgment on the decree of foreclosure, is irrelevant as to timeliness requirement under HRCP Rule 59 and HRAP Rule 4(a)(3). See, e.g., Saranillio v.

---

[1]     Lopez filed his November 17, 2014 amended motion for reconsideration after the circuit court announced its intention to grant foreclosure against Lopez, but before the January 5, 2015 Judgment was entered.

Silva, 78 Hawaiʻi 1, 7, 889 P.2d 685, 691 (1995) ("HRCP [Rule] 59 does not require that a motion be served after the entry of judgment; it imposes only an outer [ten-day] time limit on the service of a motion to alter or amend the judgment[.]"). Although Appellant Lopez cited HRCP Rule 60(b) (rather than HRCP Rule 59) in support of his motion for reconsideration, the Supreme Court of Hawaiʻi "ha[s] recognized that a motion for reconsideration can be filed pursuant to HRCP Rule 59(e) (motion to alter or amend judgment) or HRCP Rule 60 (motion for relief from judgment or order)." Cho v. State, 115 Hawaiʻi 373, 382, 168 P.3d 17, 26 (2007) (citation and block quotation omitted). With respect to the timeliness requirement under HRAP Rule 4(a)(3) for extending the time period to file a notice of appeal, "[a]n HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order . . . if the motion is served and filed within ten (10) days after the judgment is entered." Lambert v. Lua, 92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999) (citation omitted); Simbajon v. Gentry, 81 Hawaii 193, 196, 914 P.2d 1386, 1389 (App. 1996).

HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawaiʻi 202, 221, 159 P.3d 814, 833 (2007). "Although the rule does not address the situation in which a [post-judgment tolling] motion . . . is prematurely filed prior to the entry of final judgment, [the Supreme Court of Hawaiʻi] will deem such motion filed immediately after the judgment becomes final for the purpose of calculating the 90-day period." Buscher v. Boning, 114 Hawaiʻi at 221, 159 P.3d at 833.

Consequently, the thirty-day time period under HRAP Rule 4(a)(3) for filing a notice of appeal from the January 5, 2015 judgment on the decree of foreclosure commenced upon entry of the February 23, 2015 post-judgment order denying Appellant Lopez's amended HRCP Rule 60(b) motion for reconsideration of the January 5, 2015 judgment on the decree of foreclosure. This thirty-day time period under HRAP Rule 4(a)(3) expired at the end

of the day on Wednesday, March 25, 2015. Appellant Lopez did not file his March 27, 2015 notice of appeal before the thirty-day time period under HRAP Rule 4(a)(3) expired at the end of the day on Wednesday, March 25, 2015. Therefore, Appellant Lopez's appeal is untimely under HRAP Rule 4(a)(3). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, the Hawai'i Intermediate Court of Appeals lacks appellate jurisdiction over Appellant Lopez's appeal.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000254 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions in CAAP-15-0000254 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 19, 2015.

Presiding Judge

Associate Judge

Associate Judge